[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 2, 2006
THOMAS K. KAHN
CLERK

No. 06-11724
Non-Argument Calendar
_____

D. C. Docket No. 06-00133-CV-J-20-MCR

RONALD GARY MOORE,

Plaintiff-Appellant,

versus

LINDA BARGSTEDT,
LAWSON LAMAR, Assistant State Attorney,
ESQ. MICHAEL L. FLIPPO, Office of Public Defender,
ESQ. KEVIN R. HOLTZ, Assistant P.D. Appellate
Division,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 2, 2006)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Ronald Gary Moore, a Florida prisoner proceeding *pro se* and *in forma pauperis*, appeals from the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 civil rights action. Upon review of the record, we find that none of the named defendants are subject to liability under § 1983, and we therefore affirm.

### *Background*

Moore is currently serving a life sentence for a multiple count sexual battery conviction. He alleges that he was accused of the criminal act in 1992, and the accusation was investigated and deemed unfounded. He alleged that he was prosecuted on the basis of these allegations a year later, and sentenced to probation and a monetary fine following a guilty plea. He claims that in 2001 he was again prosecuted on the basis of the same allegations by the state's attorney, and that his public defenders refused to challenge the validity of the second prosecution at trial and on appeal.

Moore brought his claims under § 1983 against the following defendants: (1) Linda Bargstedt, mother of Moore's victim; (2) Michael Flippo, Moore's public defender at his criminal trial; (3) Kevin Holtz, Moore's public defender on direct appeal; and (4) Lawson Lamar, Florida Assistant State's Attorney. He claims that these individuals were involved in the denial of his constitutional rights and unlawful prosecution. His claims were dismissed, *sua sponte*, by the district court

2

under 28 U.S.C. § 1915(e)(2)(B) on the grounds that the complaint was frivolous and failed to state a claim on which relief could be granted.

## *Standard of Review*

We review frivolity dismissals, pursuant to § 1915(e)(2)(B), for abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). A claim is frivolous if it is "without arguable merit either in law or fact". *Id.* We review *de novo* the district court's dismissal for failure to state a claim upon which relief may be granted. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). In evaluating *pro se* claims, we construe the pleadings liberally and hold them to a less stringent standard than those drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

## *Discussion*

To successfully raise a § 1983 claim, Moore was required to show that he "was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). For § 1983 purposes, a private person generally acts 'under color of state law' only when engaged in a conspiracy with state officials. *Tower v. Glover,* 467 U.S. 914, 920, 104 S. Ct. 2820, 2824, 81 L. Ed. 2d 758 (1984). Moore bases his claim against Linda Bargstedt, a private person, on the fact that she made repeated complaints

about him to the police. Since he does not allege the existence of such a conspiracy, he fails to raise a valid § 1983 claim against her and we find that it was properly dismissed.

Similarly, a state-appointed public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981). The decision by Moore's trial and appellate counsel not to challenge the second prosecution represents the exercise of their independent professional judgment. Such a decision, even when incorrectly made, can not be considered an action under color of state law. We therefore find that the district court made no error in dismissing the claim.

Finally, a prosecutor in a criminal proceeding is entitled to absolute immunity from § 1983 suits when acting within the scope of his prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S. Ct. 984, 993, 47 L. Ed. 2d 128 (1976). As Lawson Lamar, Moore's prosecutor, can not be held liable under § 1983 for his decision to initiate and prosecute the case against Moore, we agree with the district court that Moore's lacks a viable claim. Accordingly, we affirm the district court's dismissal of all claims.

**AFFIRMED.**