[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 26, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15737
Non-Argument Calendar

_____

D. C. Docket No. 04-00632-CV-J-32MMH

BOBBY TURNER,

Plaintiff-Appellant,

versus

R. SOLORZANO,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 26, 2007)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Bobby Turner, a pro se Florida prisoner, appeals the summary judgment

against his complaint that Ronald Solorzano, the chief medical officer at Hamilton Correctional Facility, violated the Eighth Amendment by denying Turner access to soft shoes.

Turner's medical history reflects that he has had a variety of leg and foot injuries, including an amputated toe, and Turner's right leg is shorter than his left leg. In 1997, a state physician issued Turner soft shoes, instead of work shoes, and a heel lift to ameliorate his leg differential. In 1998, Turner again requested soft shoes, but the physician approved only the heel lift. Turner filed grievances about the denial. In 1999, a physician noted Turner's amputated toe and issued him soft leather shoes with a lift. In 2001 and 2002, Turner was again issued soft shoes with a lift. In 2003, a physician denied Turner's request for soft shoes but approved the lift.

On March 16, 2004, Turner visited sick call to see a doctor about a prescription for soft shoes and was turned away by Nurse Hall. Turner filed a number of informal and formal grievances in which he criticized Nurse Hall and requested soft shoes and a meeting with a doctor. Solorzano denied the grievances and advised Turner that he could meet with a physician at his next chronic illness appointment. Turner made no more complaints and, at his next chronic illness appointment, did not renew his request for soft shoes.

Turner sued Solorzano. Solorzano moved for summary judgment and filed Turner's medical history as evidence. Solorzano also filed the affidavit of Dr. Daniel Cherry, director of health services for the Florida Department of Corrections. Dr. Cherry averred that Turner received "appropriate medical care" and did not need "special shoes" except for the lift. The district court granted summary judgment in favor of Solorzano.

We review a summary judgment de novo. Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767 (11th Cir. 2005). We "view[] all evidence, and draw[] all reasonable inferences, in favor of the non-moving party." Id. If the non-moving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552 (1986).

To defeat Solorzano's motion for summary judgment, Turner was required to present evidence of deliberate indifference. The Supreme Court has held that a prison official's "deliberate indifference to [the] serious medical needs of [a] prisoner[] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (quotation and citation omitted). "Medical treatment

3

violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)(quotations and citations omitted).

Turner was required to satisfy both an objective and a subjective inquiry to establish that a prison official acted with deliberate indifference to his serious medical needs. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). "First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of deliberate indifference to that serious medical need." Id. (quotation and citation omitted). . "To establish the second element, . . . the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).

Turner argues that there is a material dispute about whether Solorzano was deliberately indifferent to his serious medical needs, but we disagree. Even if we were to assume that Turner presented evidence of an objectively serious medical need, Turner failed to establish that Solorzano was deliberately indifferent toward that need.

4

Turner was required but failed to present more than evidence of medical malpractice or misdiagnosis. Estelle, 429 U.S. at 104, 97 S.Ct. at 291-93. It is undisputed that Turner received treatment to accommodate the length differential of his legs, and the only evidence in the record, Dr. Cherry's affidavit, establishes that Turner's shoes were adequate as a medical matter. Turner cannot establish deliberate indifference based solely on his desire to receive some other kind of care. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985).

Turner also argues that summary judgment should be reversed because discovery was incomplete. Again, we disagree. Turner explained in his affidavit that he was provided treatment, but not the shoes he requested. There is no dispute of fact that, were it resolved in Turner's favor, would entitle him to damages.

The summary judgment against Turner's complaint is.

**AFFIRMED**.