[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11988
Non-Argument Calendar
_____

D. C. Docket No. 05-00112-CV-WLS-1

LEONARD W. GIDDENS, JR.,

Plaintiff-Appellant,

versus

CALHOUN STATE PRISON, et al.,

Defendants,

KEVIN ROBERTS, Warden, Calhoun State Prison
DWIGHT AYRES, Dr.
LARRY EDWARDS, P.A.
KAREN DOUGLAS, Captain,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(October 24, 2007)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Leonard W. Giddens, Jr. ("Giddens"), a Georgia prisoner, appeals *pro se* the district court's grant of summary judgment to the defendants on his 42 U.S.C. § 1983 claim alleging a violation of his Eighth Amendment right to be free of cruel and unusual punishment by failing to enforce the prison's smoking ban. On appeal, Giddens maintains that the prison's smoking ban is not actively enforced. He argues that this lack of enforcement amounts to deliberate indifference on the part of the defendants, and that it poses an unreasonable risk to his future health from the effects of second-hand smoke ("ETS").

We review a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the party opposing the motion. *Kelley v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000).

2

There is a genuine issue of material fact only if the nonmoving party has produced evidence such that a reasonable fact-finder could return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). In order to establish a violation of the Eighth Amendment due to exposure to ETS, a prisoner must show that the defendants have, "with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." *Id.* at 35. In order to show that the risk was unreasonable, a prisoner must establish that he is being exposed to unreasonably high levels of ETS and that the risk to his health is so grave as to violate contemporary standards of decency. *Id.* at 35-36. To establish deliberate indifference, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). "The adoption of a smoking policy will bear heavily on the inquiry into deliberate indifference." *Kelley*, 400 F.3d at 1284 (quotation and citation omitted).

After reviewing the record, we conclude that Giddens failed to present

3

evidence sufficient for a jury to find that he was exposed to unreasonable levels of ETS that posed an unreasonable risk of serious damage to his future health or that prison officials acted with deliberate indifference. Giddens has established that he was exposed to some level of ETS; however, Giddens has presented no evidence showing the level of ETS to which he was exposed or to refute defendant Dr. Ayres's diagnosis that Giddens suffers from no serious respiratory or cardiovascular medical problems that would put him at particular risk from ETS.

Because Giddens failed to show that prison officials, acting with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health, we affirm the district court's grant of summary judgment.

**AFFIRMED.**[1]

---

[1]We **DENY** Giddens' motions to supplement the record.