[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 06, 2009
THOMAS K. KAHN
CLERK

No. 06-12229
Non-Argument Calendar

_____

D. C. Docket No. 06-00020-CV-BAE-1

ROBERT HEARD,

Plaintiff-Appellant,

versus

JAMES DONALD,
FNU PINDA,
Doctor,
FNU BENNETT,
Doctor,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(February 6, 2009)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Robert Heard appeals pro se the district court's dismissal of his 42 U.S.C.

§ 1983 action. The district court dismissed his complaint because it had previously

declared him subject to 28 U.S.C. § 1915(g)-plus status and thereby barred from

bringing any claims in that court until he paid his outstanding filing fees in that

court. For the reasons that follow, we REVERSE the district court's dismissal of

Heard's complaint, VACATE the injunctive portion of the court's order regarding

future filings, and REMAND the case for further proceedings.

## I. BACKGROUND

Heard, a Georgia state prisoner in Augusta Medical State Prison, initially

brought this § 1983 suit pro se against James Donald, commissioner of the Georgia

Department of Corrections, and two physicians, Dr. Bennett and Dr. Pinda,[1] in the

United States District Court for the Northern District of Georgia. Heard alleged

that while he was in the prison infirmary, Drs. Bennett and Pinda violated his civil

rights by administering injections to him that caused him extreme emotional and

physical pain because of the resulting swelling of his joints and knees. R1-1, 6.

The district court dismissed Donald as a party and transferred the case to the

United States District Court for the Southern District of Georgia. Id.

---

[1] Heard has not listed the first names for either Dr. Bennett or Dr. Pinda on any of his pleadings.

2

The Southern District had previously deemed Heard to be a "serial filer" and thus found him to be "28 U.S.C. § 1915(g)-plus barred" from filing claims under § 1983.[2] R1-5. Under this rule, the clerk of court was instructed not to accept any of Heard's filings until he fully paid his outstanding filing fees in that district. The sole exceptions to this bar were if Heard's filing was in a criminal proceeding brought against him or if he had been denied access to state courts. Accordingly, even though Heard had paid his filing fee for this case in the Northern District, the district court for the Southern District dismissed his complaint after it was transferred there because he had yet to pay his outstanding filing fees in that court. In the dismissal order, the court reminded Heard that he was subject to the "§ 1915(g)-plus" limitations. Heard now appeals this dismissal.

## II. DISCUSSION

We review de novo the district court's interpretation of § 1915(g), the filing fee provision of the Prison Litigation Reform Act.[3] See Brown v. Johnson, 387

---

[2] Heard was deemed a "serial filer" because he had filed at least seventeen cases in the Southern District since 1990, none of which were meritorious. R1-10, Attachment 2 at 1–2 (Heard v. Wetherington, No. CV 602-107 (S.D. Ga. Feb. 13, 2003). He had also filed at least twenty-six cases in the Northern District during the same time frame. Id.

[3] Section 1915(g) of the PLRA provides as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

F.3d 1344, 1347 (11th Cir. 2004). We construe liberally pleadings filed pro se. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

Heard contends that the district court erred in dismissing his appeal and that he should not be penalized because of his "plus barred" status. Interpreting his brief liberally in light of Heard's pro se status, we view him to be asking us to reverse the dismissal and to vacate the district court's limitations on his ability to file documents in that court. In Miller v. Donald, 541 F.3d 1091 (11th Cir. 2008), we dealt with another plaintiff who was subject to a "plus barred" restriction by the Southern District. See id. at 1095. We found that the court abused its discretion in imposing such a restriction because the court could not close off the litigation avenues that Congress specifically left open under § 1915(g). See id. at 1096–99.

Since Heard was subject to the same impermissible restriction we struck down in Miller, we find that the court's dismissal of his claim because of such a restriction constituted reversible error. The district court dismissed Heard's claim without addressing whether or not it would have met the requirements of § 1915(g), i.e. if he was under imminent danger of serious physical injury. We

---

unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

4

therefore reverse the dismissal and remand for the district court to consider this issue. Further, to the extent that the limitations imposed on Heard as a result of his "plus barred" characterization enjoin him from filing in the court, they are overbroad. See id. at 1098 (deeming the injunction imposed as a result of Miller's "plus barred" status to be overbroad). Accordingly, we also vacate that portion of the district court's order noting that Heard would be subject to those restrictions. The district court still has discretion to fashion its own method for identifying and screening out frivolous filings, but must do so in a manner that takes into consideration our guidance from Miller. See id. at 1096–97.

### III. CONCLUSION

Heard appeals the district court's dismissal of his 42 U.S.C. § 1983 action due to his "28 U.S.C. § 1915(g)-plus barred" status. We find that the "plus barred" restrictions are overbroad and should not have served as a justification for dismissing Heard's suit. We therefore REVERSE the dismissal of his claim, VACATE that portion of the opinion imposing the "28 U.S.C. § 1915(g)-plus barred" status, and REMAND for further proceedings in light of this opinion.

**REVERSED IN PART, VACATED IN PART, AND REMANDED**