[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 18, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-14158

_____

D. C. Docket No. 03-00071-CV-BAE-6

JOHN RUDDIN BROWN,

Plaintiff-Appellant,

versus

LISA JOHNSON,
DOCTOR PRESNELL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 18, 2004)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PRYOR, Circuit Judge:

This appeal presents two issues of first impression in this Circuit regarding

the Prison Litigation Reform Act: first, whether a prisoner, who seeks to file a

complaint in forma pauperis, is barred by the PLRA from amending his complaint before either a responsive pleading or an order of dismissal has been filed; and, second, whether a prisoner who suffers from human immunodeficiency virus (HIV) and hepatitis and alleges both withdrawal of treatment in deliberate indifference to his serious medical needs and "imminent danger of serious physical injury" is barred, under 28 U.S.C. section 1915(g), from proceeding in forma pauperis because he has filed three or more frivolous lawsuits. Because nothing in the PLRA precludes a prisoner from amending his complaint before the filing of a responsive pleading, under Federal Rule of Civil Procedure 15(a), and the amended complaint, taken in the light most favorable to the prisoner, alleges imminent danger of serious physical injury, we reverse the dismissal of the amended complaint and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

John Ruddin Brown entered the Georgia State Prison on November 8, 2001. His medical records showed that he had HIV and hepatitis. On September 5, 2002, Brown was examined by Dr. Walton, who noticed a decline in Brown's health and prescribed medication for HIV and hepatitis. On October 30, 2002, Brown was seen by defendant Dr. Presnell, who stopped the prescribed medication.

On June 2, 2003, Brown filed an action under 42 U.S.C. section 1983

against Lisa Johnson, Medical Administrator for the Georgia State Prison, and Dr. Presnell.  Brown alleged deliberate indifference to his serious medical needs in violation of the due process clause of the Fourteenth Amendment and the Eighth Amendment.  Brown alleged that, as a result of the withdrawal of the prescribed medications, he is suffering from prolonged skin infections, severe pain in his eyes, vision problems, fatigue, and prolonged stomach pains.  Brown requested preliminary and permanent injunctions that the defendants provide him with "adequate medical care for his serious medical needs."  Brown also filed a petition to proceed in forma pauperis.

On July 7, 2003, the magistrate judge recommended that the petition to proceed in forma pauperis be denied and that the complaint be dismissed without prejudice because Brown had at least three strikes under 28 U.S.C. section 1915(g) for filing meritless lawsuits and had not "shown how he was in imminent danger of serious physical injury at the time he filed his Complaint."  Brown filed timely objections to the recommendation of the magistrate judge and a motion to amend his complaint.  Brown argued that he suffered and continues to suffer serious injuries as a result of the complete withdrawal of treatment.  He objected to the recommendation because the magistrate judge failed to construe his complaint liberally.  In his amended complaint, Brown alleged that his health would

3

deteriorate and he would die sooner because of the withdrawal of his treatment. He alleged that he is "exposed to opportunistic infections, such as pneumonia, esophageal candidiasis, salmonella, . . . wasting syndrome," "cirrhosis, [and] liver cancer."

On July 15, 2003, the district court denied Brown's motion to amend his complaint because Brown's complaint was subject to dismissal under the PLRA, 28 U.S.C. section 1915. No responsive pleading had been filed. On August 4, 2003, the district court adopted the report and recommendation of the magistrate judge and dismissed Brown's complaint without prejudice. Brown filed this appeal, and the district court granted Brown permission to proceed in forma pauperis.

## II. STANDARD OF REVIEW

This Court reviews the denial of a motion to amend a complaint for abuse of discretion. Steger v. Gen. Elec. Co., 318 F.3d 1066, 1080 (11th Cir. 2003). We review the interpretation of the filing fee provision of the PLRA de novo. Dupree v. Palmer, 284 F.3d 1234, 1235 (11th Cir. 2002). The sua sponte dismissal of an action for failure to state a claim is also reviewed de novo, and we must view the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

4

## III. DISCUSSION

The resolution of this appeal hinges on Brown's status as a prisoner, who has filed three or more frivolous lawsuits and seeks to proceed in forma pauperis; his status triggers three separate provisions of the PLRA. The first provision, 28 U.S.C. section 1915(g), bars a prisoner from proceeding in forma pauperis after he has filed three meritless lawsuits, unless he is in imminent danger of serious physical injury:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The second provision, 28 U.S.C. section 1915(e)(2)(B)(ii), directs the district court to dismiss the complaint of any plaintiff proceeding in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The third provision, 28 U.S.C. section 1915A, directs the district court to dismiss the complaint of a prisoner if it fails to state a claim. See 28 U.S.C. § 1915A.

The district court invoked two of these provisions in the dismissal of Brown's complaint. The district court ruled that section 1915 barred Brown from

5

amending his complaint, and the district court ruled that, based on the "three strikes" rule of section 1915(g), Brown could not proceed in forma pauperis. Both conclusions were in error, and we address each in turn.

*A. Whether the PLRA Bars a Prisoner From*
*Amending His Complaint Under Rule 15(a).*

Under Federal Rule of Civil Procedure 15(a), a party may amend a complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). On July 9, 2003, before any responsive pleadings had been filed, but after the magistrate judge filed his report and recommendation, Brown filed a motion to amend his complaint. The motion was denied on the ground that the original complaint was subject to dismissal under section 1915.

This Court has previously determined that "[s]ection 1915(e)(2)(B)(ii) does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend when required by Fed. R. Civ. P. 15." Troville v. Venz, 303 F.3d 1256, 1260 n. 5 (11th Cir. 2002). The defendants correctly explain that Troville did not involve a prisoner, but that distinction is immaterial. Troville involved the dismissal of a suit by the district court, sua sponte, for failure to state a claim. Nothing in the language of sections 1915(g) and 1915A differs from section 1915(e)(2)(B)(ii) such that the court should not allow prisoners the same benefit of Rule 15(a) as any other litigant. The defendants cannot explain how the

6

PLRA applies a different rule for prisoners who file in forma pauperis.

Several of our sister circuits have held that the screening provisions of the PLRA do not repeal Rule 15(a) nor preclude a court from granting leave to amend. In Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc), a California prisoner filed a complaint and then an amended complaint. After the prisoner filed his amended complaint, the defendants filed a motion to dismiss, which the district court granted without granting the prisoner leave to amend his complaint. After a panel affirmed, the en banc court vacated that decision and reversed the district court. The en banc court held that the "PLRA does not preclude leave to amend." Id. at 1126. Likewise, in Gomez v. USAA Federal Savings Bank, 171 F.3d 794 (2d Cir. 1999), the Second Circuit vacated the sua sponte dismissal of a claim by the district court because the plaintiff proceeding in forma pauperis was denied an opportunity to amend his complaint. The court concluded "that a pro se plaintiff who is proceeding in forma pauperis should be afforded the same opportunity as a pro se fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility . . . that an amended complaint would succeed in stating a claim." Id. at 796. In Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000), the Second Circuit applied the same rule and reversed a district court that had, sua sponte, dismissed a prisoner's complaint without

7

affording him an opportunity to amend.  See also Grayson v. Mayview State Hosp.,

293 F.3d 103, 111 (3d Cir. 2002); Razzoli v. Fed. Bureau of Prisons, 230 F.3d 371,

377 (D.C. Cir. 2000); Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th

Cir. 1999).  Only the Sixth Circuit has held otherwise that, "[u]nder the Prison

Litigation Reform Act, courts have no discretion in permitting a plaintiff to amend

a complaint to avoid a sua sponte dismissal."   McGore v. Wrigglesworth, 114

F.3d 601, 612 (6th Cir. 1997).

We agree with the majority of circuits that the PLRA does not preclude the

district court from granting a motion to amend.  Nothing in the language of the

PLRA repeals Rule 15(a).  Because Brown filed his motion to amend before the

district court dismissed his complaint and before any responsive pleadings were

filed,  Brown had the right to amend his complaint under Rule 15(a).   The district

court, therefore, abused its discretion when it denied Brown's motion to amend.

*B. What Constitutes Imminent Danger of Serious Physical Injury?*

Section 1915(g), the three strikes provision, bars a prisoner, who has filed

three or more complaints that have been dismissed as frivolous or malicious or for

failure to state a claim, from filing a complaint in forma pauperis, unless the

prisoner is "under imminent danger of serious physical injury."  Brown does not

dispute that he has three strikes under section 1915(g).  Brown, therefore, may not

bring his action in forma pauperis unless he is under imminent danger of serious physical injury.

Although the Second, Third, Fifth, Seventh, Eighth, and Eleventh Circuits have determined that a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g), Malik v. McGinnis, 293 F.3d 559 (2d Cir. 2002); Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (en banc); Baños v. O-Guin, 144 F.3d 883 (5th Cir. 1998); Ciarpaglini v. Saini, 352 F.3d 328 (7th Cir. 2003); Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998); and Medberry v. Butler, 185 F.3d 1189 (11th Cir. 1999), only the Third, Seventh, and Eighth Circuits have applied the "serious physical injury" portion of the exception. See Gibbs v. Cross, 160 F.3d 962 (3d Cir. 1998); Ciarpaglini, 352 F.3d 328; Martin v. Shelton, 319 F.3d 1048 (8th Cir. 2003); McAlphin v. Toney, 281 F.3d 709 (8th Cir. 2002); Ashley, 147 F.3d 715. In Gibbs, the Third Circuit held that the prisoner's allegations that "unidentified dust particles were in his lungs and mucus, and that he [was] suffering from severe headaches, watery eyes, and a change in his voice as a result" of being placed in a dusty cell were sufficient to meet the imminent danger exception. 160 F.3d at 965. In response to arguments that the allegations of danger were speculative, the court stated that "[i]nmates ought to be able to complain about 'unsafe, life-threatening condition[s] in their

9

prison' without waiting for something to happen to them." Id. Likewise, the Seventh Circuit, in Ciarpaglini, held that allegations of "continuing harm as a direct result of being denied . . . medication" for bipolar disorder, attention deficit hyperactivity disorder, and panic disorder, were sufficient to meet the imminent danger exception. 352 F.3d at 330. In Ciarpaglini, the prisoner alleged that, as a result of the denial of his medication, his symptoms returned, and that panic attacks caused him to suffer "heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in his legs and back." Id.

The Eighth Circuit addressed the question of serious physical injury on three separate occasions. In Ashley, the prisoner alleged that prison officials repeatedly placed him in proximity to inmates on his enemy alert list and that he was twice attacked, once with a sharpened, nine-inch screwdriver and once with a butcher knife, and the court ruled that he had alleged imminent danger of serious physical harm. 147 F.3d at 717. In McAlphin, the prisoner alleged that he was denied dental extractions, that his gums became so infected he eventually needed five extractions, and two of the extractions had not been scheduled for sixth months during which time the decay spread. 281 F.3d at 710. When he filed the complaint, the two remaining extractions had not been made. Id. The court liberally construed the complaint as alleging that the prisoner was "in imminent

10

danger of serious physical injury because of spreading infection in his mouth," which satisfied section 1915(g). Id. In contrast, in Martin, the court found that a prisoner's claim of imminent danger of serious physical injury failed. The prisoner alleged that he was forced to work outside in inclement weather on two occasions, once in cold weather without warm clothing and several months later in hot weather despite his blood pressure condition. 319 F.3d at 1050. The complaint also included "conclusory assertions that defendants were trying to kill Martin by forcing him to work in extreme conditions despite his blood pressure condition." Id. The Eighth Circuit held that "[t]his type of general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.

With this persuasive authority in mind, we turn to Brown's complaint, which we must construe liberally and the allegations of which we must accept as true. See Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); Hughes, 350 F.3d at 1159-60. In his complaint, Brown alleges that he has HIV and hepatitis. He alleges that on September 5, 2002, because his condition was deteriorating, he was prescribed medications for HIV and hepatitis by Dr. Walton. Brown alleges that, on October 30, 2002, Dr. Presnell stopped the prescribed treatment and, as a result,

11

Brown suffered prolonged skin and newly developed scalp infections, severe pain in the eyes and vision problems, fatigue and prolonged stomach pains. In his amended complaint, Brown alleges that if not treated he would be exposed to "opportunistic infections, such as pneumonia, esophageal candidiasis, salmonella, and wasting syndrome," which would cause him to die sooner. Brown also states that he followed the proper grievance procedure, and in response to his grievance, was informed that "the physician [had seen him] recently, [he would] be seen in the next chronic clinic, [and the warden did] not feel that further action [was] warranted." Liberally construed, Brown alleges a total withdrawal of treatment for serious diseases, as a result of which he suffers from severe ongoing complications, is more susceptible to various illnesses, and his condition will rapidly deteriorate.

The defendants offer two rebuttals. The defendants argue that these allegations fail to allege imminent danger of serious physical injury because skin problems do not constitute serious injury and Brown's allegations of eye problems are too vague. The defendants also argue that, "although [Brown's] illness may ultimately lead to serious physical problems and even death, Brown's allegations do not show that his treatment puts him in imminent danger." These arguments fail.

Although some of the specific physical conditions about which Brown

12

complains may not constitute serious injury, the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury. Viewed together, the afflictions of which Brown currently complains, including his HIV and hepatitis, and the alleged danger of more serious afflictions if he is not treated constitute imminent danger of serious physical injury. That Brown's illnesses are already serious does not preclude him from arguing that his condition is worsening more rapidly as a result of the complete withdrawal of treatment. The amended complaint alleges imminent danger of serious physical injury.

### C. *Deliberate Indifference to Serious Medical Needs.*

The determination that Brown alleged imminent danger of serious physical injury does not end our inquiry. We may affirm the district court on any ground that finds support in the record. Jaffke v. Dunham, 352 U.S. 380, 381, 77 S. Ct. 307, 308 (1957). If Brown's amended complaint fails to state a claim for deliberate indifference, then the dismissal of the amended complaint must be affirmed.

We must consider whether Brown states a valid claim under the Eighth Amendment. It is well established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.

13

Ct. 285, 291 (1976) (citation and footnotes omitted). A prisoner states a valid claim, under 28 U.S.C. section 1983, "whether the indifference is manifested by prison doctors in their response to the prisoner's needs . . . or by prison guards in intentionally denying or delaying access to medical care . . . or intentionally interfering with treatment once proscribed." Id. at 104-05, 97 S. Ct. at 291.

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). First, the plaintiff must prove an objectively serious medical need. Id. Second, the plaintiff must prove that the prison official acted with deliberate indifference to that need. Id.

"A serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). In either case, "the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." Id. (citation and internal quotations marks omitted). HIV and hepatitis meet either of these definitions. The defendants wisely do not deny that Brown has serious medical needs.

To establish the second element, deliberate indifference to the serious

14

medical need, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). The defendants were aware of Brown's diagnosis with HIV and hepatitis, but completely withdrew the prescribed treatment for Brown's illness. Brown is not receiving any treatment apart from clinic visits, despite his deteriorating condition.

The defendants erroneously characterize Brown's allegation of deliberate indifference as nothing more than "mere[] disagree[ment] with the treatment prescribed." Brown complains of complete withdrawal of treatment. "Deliberate indifference may be established by a showing of grossly inadequate care as well as by a decision to take an easier but less efficacious course of treatment. . . . Moreover, '[w]hen the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference.'" Id. (quoting Mandel v. Doe, 888 F.2d 783, 789 (11th Cir. 1989)). Taking the allegations in the complaint as true, the continuing disregard of Brown's HIV and hepatitis constitutes deliberate indifference. We do not, therefore, find an alternate basis on which to affirm the dismissal of Brown's complaint.

## IV. CONCLUSION

Because the district court abused its discretion in denying Brown the right to

amend his complaint, under Federal Rule of Civil Procedure 15(a), and the amended complaint alleged imminent danger of serious physical injury, under 28 U.S.C. section 1915(g), and a valid claim of deliberate indifference to serious medical needs, under the Eight and Fourteenth Amendments, the judgment of the district court is **REVERSED** and this action **REMANDED** for further proceedings.