[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15255
Non-Argument Calendar
_____

D. C. Docket No. 04-00032-CV-HL-7

JOHN FITZGERALD FREEMAN,

Plaintiff-Appellant,

versus

DOCTOR LEBEDOVYCH,
Psychiatrist from M.H.M. a.k.a. Mental
Health Management Services under contract
to G.D.O.C.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(June 30, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant John Fitzgerald Freeman, a *pro se* state prisoner, appeals the district court's grant of summary judgment against him in his civil rights suit brought under 42 U.S.C. § 1983. Freeman agrees that there is no genuine issue of material fact, but contends that the facts show that Dr. Lebedovych, who was his treating psychiatrist at Valdosta State Prison, was deliberately indifferent to his serious medical needs when he reduced Freeman's psychotropic medication.

Freeman argues that Dr. Lebedovych should have known of a substantial risk of serious harm because Freeman had been prescribed a course of treatment that included 3 mg Risperdal and 80 mg Geodon by two other psychiatrists. According to Freeman, because he had been treated in that manner in the past, Lebedovych should have inferred that a different course of treatment would lead to a substantial risk of serious harm. Moreover, Freeman argues, the fact that he told Dr. Lebedovych that he feared he would hurt himself shows that it was unprofessional of Dr. Lebedovych not to take further steps to preserve his safety. Freeman further contends that Dr. Lebedovych never prescribed the Geodon, and decreased the Risperdal, thus displaying deliberate indifference to his contentions that the voices in his head might lead him to hurt himself.

We review a district court's order on summary judgment *de novo* and apply the same standard as the district court. *Steele v. Shah*, 87 F.3d 1266, 1269 (11th

Cir. 1996). To determine whether the district court's decision was proper, we review the record in the light most favorable to the non-moving party and grant the motion only if the record demonstrates no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* Section 1983 requires proof of an affirmative causal connection between the official's acts or omission and the alleged constitutional deprivation. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). A causal connection may be proven by showing that the official: (1) was personally involved in the acts which resulted in the constitutional deprivation, (2) established a policy or custom that resulted in the alleged constitutional deprivation, or (3) breached a duty imposed by state or federal law. *Id.*

To establish liability under § 1983 for inadequate medical treatment, a defendant must show that the failure to provide him medical care amounted to cruel and unusual punishment under the Eighth Amendment of the United States Constitution. To rise to this level, a defendant must show that his inadequate care arose from a "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). Two subsidiary showings must be made to obtain relief: (1) that the prisoner had an objectively serious medical condition that, if left unattended, could cause serious

3

harm, and (2) that the defendants' response was so poor that it constituted an unnecessary and wanton infliction of pain. *See Estelle*, 429 U.S. at 105-06, 97 S. Ct. at 291-92. To establish deliberate indifference, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). A difference in opinion between a medical professional and the inmate as to the inmate's course of treatment does not support a claim of cruel and unusual punishment. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).

Deliberate indifference is medical treatment that is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). Inadequate psychiatric care constitutes deliberate indifference if the quality of psychiatric care received is a substantial deviation from accepted professional standards. *Greason v. Kemp*, 891 F.2d 829, 835 (11th Cir. 1990). Similarly, failure to take measures to protect an inmate from committing suicide can only constitute deliberate indifference so long as it is a failure that goes beyond negligence or medical malpractice. *Harris*, 941 F.2d at 1505. When a mentally ill prisoner receives medical treatment that is arguably aimed at stabilizing his

4

condition, we will generally refuse to engage in subsequent review of medical decisions. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985).

After reviewing the record, we conclude that Freeman does not state a case for deliberate indifference. Taking the facts in the light most favorable to him, Freeman has shown that: (1) after a number of visits, Lebedovych decreased his Risperdal by 1 mg; (2) Freeman never received an 80 mg prescription for Geodon to replace the Risperdal; (3) Freeman indicated to Lebedovych that he feared he might harm himself; and (4) three days after his prescription was reduced, he cut his arm with a razor. Freeman does not refute that: (1) Lebedovych believed he was drug-seeking; (2) Lebedovych believed that he could control his actions; (3) Lebedovych decreased the Risperdal because he believed that it was causing Freeman negative side effects, such as "tight jaw" and tremors; and (4) Freeman complained of the voices before his prescription was reduced, and after it was raised. Accordingly, Freeman has not shown that Lebedovych subjectively knew he stood a risk of serious harm as a result of attempting a different type of treatment than had been used in the past. He thus fails the first prong of the test to establish deliberate indifference. *Brown*, 387 F.3d at 1351. Freeman fails the second prong because he cannot show that Lebedovych disregarded a known risk of serious harm. *Id.* Thus, at best, Freeman can only make a claim for negligence

5

or medical malpractice.  Neither rises to the level of indifference necessary to show a constitutional violation.  *Harris*, 941 F.2d at 1505.  For the above-stated reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**