[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11877
Non-Argument Calendar

_____

D. C. Docket No. 06-20323-CV-FAM

WENDALL JERMAINE HALL,

Plaintiff-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 28, 2007)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Wendall Hall, a state prisoner proceeding pro se, appeals the district court's

denial of his motion requesting leave to amend his complaint, and the district court's dismissal of his 42 U.S.C. § 1983 civil complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

Hall argues that the district court erred in dismissing his motion to amend his complaint. Hall claims that he was entitled to amend his complaint as a matter of course, pursuant to Fed.R.Civ.P. 15(a), and Hall argues that leave should have been freely given.

We review the denial of a motion to amend for abuse of discretion. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). We have held that a district court must grant a prisoner's motion for leave to amend his complaint after the magistrate court has filed its recommendation, when such leave is required by Fed.R.Civ.P. 15, before dismissing the complaint under § 1915(e)(2)(B)(ii). Brown v. Johnson, 387 F.3d 1344, 1348 (11th Cir. 2004). Fed.R.Civ.P. 15(a) states that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."

In the instant case, none of the defendants have submitted responsive pleadings. Therefore, Hall was entitled to amend his complaint as a matter of course, pursuant to Rule 15(a), and it was an abuse of discretion for the district court not to grant Hall's motion for such leave before dismissing Hall's complaint.

2

Because Hall will be entitled on remand to amend his complaint and attempt to satisfy the actual injury requirement discussed by the magistrate judge, we decline to address actual injury at this stage. See Lewis v. Casey, 518 U.S. 343, 349-53 & nn.2-3, 116 S.Ct. 2174, 2179-81 & nn.2-3 (1996); Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998); Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998). After the amended complaint is filed, the district court should address the actual injury issue in the first instance.

Accordingly, we vacate the district court's denial of Hall's motion to amend and dismissal of Hall's complaint and remand this case for further proceedings.

**VACATE AND REMAND.**