[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17001
Non-Argument Calendar

_____

D. C. Docket No. 08-03514-CV-TWT-1

DAVID CHARLES SUTTON,

Plaintiff-Appellant,

versus

DISTRICT ATTORNEY'S OFFICE,
of Gwinnett Superior Court,
STATE OF GEORGIA,
et al,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 23, 2009)

Before BIRCH, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-appellant David Charles Sutton, a prisoner proceeding pro se, appeals the district court's sua sponte dismissal without prejudice of his Petition for Injunctive Relief pursuant to 28 U.S.C. § 1915(g). For the following reasons, we affirm.

Section 1915(g), the three strikes provision, bars a prisoner, who has filed three or more complaints that have been dismissed as frivolous or malicious or for failure to state a claim, from filing a complaint in forma pauperis, unless the prisoner is "under imminent danger of serious physical injury." On appeal, Sutton does not dispute that he has more than three strikes under section 1915(g). Sutton, therefore, may not bring his action in forma pauperis unless he sufficiently alleges that he is under imminent danger of serious physical injury. See Brown v. Johnson, 387 F.3d 1344, 1349-50 (11th Cir. 2004) (holding that complaint sufficiently alleged imminent danger of serious physical injury where prisoner asserted that he was in danger of more serious afflictions if he continued to not be treated for his HIV and hepatitis).

Sutton filed his Petition for Injunctive Relief in forma pauperis, alleging that during his 1997 criminal trial, the District Attorney's Office of Gwinnett Superior Court, the State of Georgia, and unnamed additional defendants wrongfully

2

withheld evidence which Sutton alleged would have been favorable to his defense. It is uncontested that the Petition did not allege that Sutton was in any imminent danger of serious physical injury. Accordingly, after taking judicial notice of the five prior cases filed by Sutton which were dismissed as frivolous, the district court properly dismissed the Petition pursuant to the "three strikes" provision of 28 U.S.C. § 1915.

In his brief on appeal, Sutton provides no argument regarding the district court's dismissal pursuant to § 1915(g), opting instead to argue the merits of his underlying complaint. After commencing his appeal, however, Sutton submitted an "Affidavit of Indigency," in which he asserted that he is "in imminent physical danger of growing older and is in grave danger of perhaps dying here in this prison system." He also asserted that his allegedly "illegal sentence and conviction" has "endanger[ed his] physical health" by "causing him stress, anxiety, depression, and further his life is deteriorating here inside this Georgia state prison for no reason at all." We conclude that these types of general assertions, even construed liberally, are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Brown, 387 F.3d at 1350 (citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Thus, we

agree with the district court that Sutton has failed to establish that he is entitled to the imminent danger exception to the three strike rule and we AFFIRM the district court's judgment.