[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 7, 2009
THOMAS K. KAHN
CLERK

No. 08-14612
Non-Argument Calendar

_____

D. C. Docket No. 06-23051-CV-CMA

ULYSSES JEROME JOHNSON,

Plaintiff-Appellant,

versus

DDS J. D. POSTON,
VICTOR SELYUTIN, MD,
E. MADAN, Medical Director,
W. D. RUMMEL, MD,
A. HASKINS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 7, 2009)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Ulysses Jerome Johnson, a Florida prisoner proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Dr. William Rummel, a medical doctor at the Santa Rosa Correctional Institution (SRCI), and Albert Haskins, an assistant warden at the SRCI, in his civil rights action claiming deliberate indifference to his serious medical needs, filed pursuant to 42 U.S.C. § 1983. Johnson argues Rummel and Haskins are not entitled to qualified immunity because they violated his Eighth Amendment rights by denying him treatment for his jaw locking open.[1]

We review *de novo* a district court's grant of summary judgment. *Steele v. Shah*, 87 F.3d 1266, 1269 (11th Cir. 1996). In making this determination, we view the record before the district court in the light most favorable to the nonmoving party to determine if a genuine issue of material fact existed as to whether the defendants' actions constituted deliberate indifference to a serious medical need. *Id.*

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (internal quotation

---

[1] Johnson's motion to file reply brief out of time is granted.

marks omitted). "To overcome qualified immunity, the plaintiff must satisfy a two prong test; he must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). Following the Supreme Court's decision in *Pearson*, "[t]he judges of the district courts and the courts of appeals [are] permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 129 S. Ct. at 818.

The Supreme Court has held a prison official's "deliberate indifference to [the] serious medical needs of [a] prisoner[] constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 97 S. Ct. 285, 291 (1976) (internal citation and quotation marks omitted). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* (internal citations omitted).

A medical need is serious when it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks omitted). "In either case, the medical need must be one that, if left unattended, poses a substantial risk of serious harm." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (internal quotation marks and alteration omitted). Even if a plaintiff demonstrates a "serious medical need," however, he still must establish "deliberate indifference" toward that need. *See Farrow*, 320 F.3d at 1243. To show deliberate indifference, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Johnson*, 387 F.3d at 1351. The Supreme Court has held "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under [its] cases be condemned as the infliction of punishment." *Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994).

In this case, Johnson has failed to demonstrate a constitutional violation because he has not produced any evidence showing Rummel and Haskins acted with deliberate indifference to a serious medical need. *See Farrow*, 320 F.3d at 1243. Rummel's and Haskins's interactions with Johnson were administrative in

4

nature and limited to review of Johnson's grievances. In his affidavit, Rummel stated he received a grievance in which Johnson asked to have his jaw fixed and complained of a delay in treatment. Rummel evaluated the grievance by reviewing Johnson's medical and dental records and speaking with the dental staff. Based upon this review, Rummel believed Johnson was receiving adequate treatment for his jaw and had not been denied access to medical facilities. Likewise, in his affidavit, Haskins stated he responded to two grievances from Johnson regarding treatment of his jaw. In both instances, after confirming there was a treatment plan for Johnson and medical and dental staff had been following that plan, Haskins determined Johnson was receiving adequate treatment for his jaw.

Because Johnson offers no evidence to dispute Rummel's and Haskins's affidavits or to show Rummel and Haskins knew he was at risk of serious harm, he has failed to carry his burden of demonstrating Rummel and Haskins acted with deliberate indifference to his medical needs. *See Johnson*, 387 F.3d at 1351. Johnson thus cannot show a violation of his Eighth Amendment rights.

Accordingly, we affirm the district court's grant of summary judgment to Rummel

and Haskins on the basis of qualified immunity.[2]

**AFFIRMED.**

---

[2] In both his initial brief and his reply brief, Johnson maintains he has brought this appeal only with respect to his claims against Rummel and Haskins. We thus need not consider the district court's grant of summary judgment to the other defendants in this case. Construing Johnson's *pro se* briefs liberally, however, we conclude any claims against the other defendants are likewise without merit because Johnson has failed to demonstrate they acted with deliberate indifference to a serious medical need.