[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11870
Non-Argument Calendar

_____

D. C. Docket No. 5:09-cv-00402-RS-CJK

MICHAEL J. LOEBER,

Plaintiff-Counter Defendant -
Appellant,

versus

ERIONG OKON ANDEM,

Defendant,

MARY COLLEEN WAHL,
ARNP, Individually,
DELIANA GONZALES TORRES, MD,
Individually,
PATRICIA LEMON,
ARNP, Individually,
PRISON HEALTH SERVICES, INC.,
DEPARTMENT OF CORRECTIONS STATE OF FLORIDA,

Defendants-Appellees,

LARRY CAMPBELL,
in his Official Capacity as Sheriff Leon County Florida,

Defendant-Counter

Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 22, 2012)

Before MARTIN, ANDERSON and EDMONDSON, Circuit Judges.


PER CURIAM:


Plaintiff-Appellant Michael J. Loeber, an inmate at different Florida

Department of Corrections facilities from July 2007 through March 2010, appeals

the dismissal of his section 1983 claims, alleging deliberate indifference to his

medical needs in violation of the Eighth Amendment.  No reversible error has

been shown; we affirm.

Plaintiff suffers from Hepatitis C.  While incarcerated, Plaintiff's condition

was treated with lactulose, a medication that regulates elevated blood ammonia

levels (one of the complications of Hepatitis C); he was not given interferon

together with ribavirin (sometimes prescribed for treatment of Hepatitis C),

despite his repeated requests for those drugs.  The district court concluded that

2

Plaintiff failed to allege sufficient facts to show a violation of the Eighth Amendment and dismissed the complaint.  We agree.

To sustain a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a Plaintiff must allege facts showing (i) an objectively serious medical need; (ii) an objectively insufficient response to that need; (iii) subjective awareness of facts signaling the need; and (iv) an actual inference of required medical treatment from those facts.  See Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).  An objectively insufficient response by public officials to a serious medical need must be poor enough to constitute an unnecessary and wanton infliction of pain.  See Estelle v. Gamble, 97 S.Ct. 285, 291 (1976).  Inadvertent failure to provide adequate medical care, negligence in diagnosis or treatment, or medical malpractice, without more, fails to state a cognizable deliberate indifference claim.  Id. at 291-92.

That Hepatitis C presents a serious medical need is undisputed.  See Brown v. Johnson, 387 F.3d 1344, 1351 (11the Cir. 2004).  The issue posed by this appeal is whether the complaint, viewed in the light most favorable to Plaintiff, alleges sufficient facts to show an objectively insufficient response to that need.  Plaintiff asserts his requested treatment -- interferon and ribavirin -- was required to treat

3

his underlying condition and was the treatment prescribed earlier for him by a doctor.

The Defendants did not ignore Plaintiff's Hepatitis C condition; instead, they chose an alternative treatment -- lactulose -- to address elevated blood ammonia levels which are a common complication of Hepatitis C.  Cf. Brown, 387 F.3d at 1351 (complete failure to treat Hepatitis C condition amounted to deliberate indifference).   Plaintiff assumes that interferon and ribavirin represented a superior treatment.  But interferon and ribavirin have potentially serious side effects; prescription of those drugs is highly individualized to the patient and depends on many factors.  See Bender v. Regier, 385 F.3d 1133, 1135 (8th Cir. 2004).   Perhaps -- we do not say -- treatment by lactulose instead of the treatment preferred by Plaintiff constituted negligence, but negligence fails to state a cognizable deliberate indifference claim.  Plaintiff's disagreement with the course of treatment employed  fails to support an inference that Defendants acted with disregard for the harm posed to Plaintiff by Hepatitis C.

We conclude, as did the district court, that the allegations in Plaintiff's complaint are "merely consistent" with liability; the allegations "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), quoting Bell Atlantic Corp. Twombly, 127

S.Ct. 1955, 1966 (2007).   Plaintiff shows no error in the district court's grant of

Defendants' motion to dismiss.

AFFIRMED.