**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

AMIR FATIR, )
)
    Petitioner, )
)
    v. )    C.A. No.: N25M-04-101 CEB
)
DEPARTMENT OF HEALTH )
AND SOCIAL SERVICES, )
)
    Respondent. )

Submitted: July 8, 2025
Decided: August 19, 2025

## ORDER

1.    Amir Fatir ("Petitioner") filed a complaint seeking a writ of mandamus to compel the Department of Health and Social Services ("Respondent") to conduct inspections of the food services operations at the James T. Vaughn Correction Center, where Petitioner is a prisoner. Respondent has moved to 1) revoke Petitioner's *in forma pauperis* status, 2) enjoin Petitioner from filing future petitions for *in forma pauperis* status, except where Petitioner complies with 10 *Del. C.* § 8804(e), and 3) dismiss Petitioner's case.[1] For the reasons below, Respondent's motion is granted.

2.    10 *Del. C.* § 8804(f), provides as follows:

> In no event shall a prisoner file a complaint or appeal of a judgment arising from a complaint brought in forma pauperis if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

---

[1] D.I. 18 Respondent's Mot. to Revoke Pet.'s In Forma Pauperis Status (May 21, 2025) at 4, Transaction ID 76314046 [Respondent's Mot. to Revoke].

facility, brought an action or an appeal in a federal court or. constitutional or statutory court of the State that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury at the time that the complaint is filed. Complaints or appeals therefrom dismissed prior to the enactment of this section shall be counted for purposes of determining the number of previously dismissed proceedings. No petition for a writ of habeas corpus or any appeal from the denial of any such petition shall be dismissed under this subsection.

3.      Respondent represents that Petitioner has filed "four legally frivolous cases."[2] The Court takes judicial notice[3] that Delaware courts have dismissed 4 of Petitioner's inmate cases because they were frivolous: 1) *Fatir v. Niedzielski*,[4] 2) *Fatir v. Governor*,[5] 3) *Fatir v. Board of Pardons*,[6] and 4) *Fatir v. Records*.[7] It thus appears that 10 *Del. C.* § 8804(f) bars this complaint.

---

[2] *Id.* at 3.

[3] The Court may take judicial notice of other cases when evaluating a 10 *Del. C.* § 8804(f) motion. *See Biggins v. Danberg*, 2012 WL 2109257, at *1 (Del. Super. May 14, 2012), *aff'd*, 55 A.3d 838 (Del. 2012).

[4] 15 A.3d 217, 217 (Del. 2011) (the Supreme Court of Delaware affirmed the Court of Chancery's decision to dismiss Petitioner's case because the case was "frivolous").

[5] 2019 WL 162567, at *2 (Del. Super. Jan. 10, 2019)) ("Accordingly, his claim has no legal merit and is therefore legally frivolous. . . . Since no evidence was presented to show that a pending pardon action exists, the Court finds no grounds to grant the Petitioner's petition. Therefore, the Petitioner's application for writ of mandamus is **DENIED**.").

[6] 2020 WL 2095981, at *2 (Del. Super. Apr. 30, 2020), *aff'd sub nom. Fatir v. State*, 245 A.3d 498 (Del. 2021) (citing *Fatir v. Governor*, 2019 WL 162567, at *2 (Del. Super. Jan. 10, 2019)) (footnotes omitted) (dismissed "yet another frivolous suit").

[7] 2023 WL 6622214, at *5 (Del. Super. Oct. 11, 2023) (dismissed case as "frivolous").

4.      Petitioner invokes the "under imminent danger of serious physical injury at the time that the complaint is filed" exception. His position is unsound for two reasons.

5.      First, the imminent danger requirement cannot be met "where the complaint is filed several months after the incident upon which it is based."[8] The term "imminent" — undefined in 10 *Del. C.* § 8804 — has its ordinary meaning:[9] "threatening to occur immediately" or "about to take place."[10]

6.      Petitioner's alleged injuries are not imminent. His complaint for mandamus was filed in April 2025 and contained a litany of alleged sins by the food service provided at the prison, without even a mention of any direct consequence to Petitioner.   When the Respondent pointed out the "imminent danger of serious physical injury" requirement in its motion to dismiss, Petitioner replied with allegations that he is on a kosher diet and the prison does not honor it and he has

---

[8] *Biggins v. Biden*, 2010 WL 3496838, at *4 (Del. Super. Sept. 8, 2010), *aff'd*, 9 A.3d 475 (Del. 2010) (footnote omitted).

[9] *Dewey Beach Enters., Inc. v. Bd. of Adjustment of Town of Dewey Beach*, 1 A.3d 305, 307 (Del. 2010) (quoting *Oceanport Industries, Inc., v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 900 (Del.1994)) ("Undefined words in a statute must be given their ordinary, common meaning."); *see also Freeman v. X-Ray Assocs., P.A.*, 3 A.3d 224, 227–28 (Del. 2010) (citing *Lorillard Tobacco Co. v. Am. Legacy Found.*, 903 A.2d 728, 738–39 (Del.2006)) (held courts may consult dictionaries to define terms undefined by statute).

[10] *Imminent*, BLACK'S LAW DICTIONARY (12th ed. 2024).

become sickened by the food.[11]   It thus took Petitioner 49 days to recall that the failure of inspections "caused" a food borne infection.

7.      Second, the threshold requirement of "imminent danger of serious physical injury" are not empty words.  Rather, they are a legislative determination that "frequent flyer" *pro se* inmate petitions are undeserving of the Court's consideration except for the rare case of truly imminent danger. [12] For example, the "serious physical injury" threshold is met when "a prison failed to treat an inmate for a spreading gum infection that required extraction of multiple teeth."[13] But the threshold was not met when "a prisoner with high blood pressure alleged that he was forced to perform occasional outdoor work in inclement weather."[14]

8.      Here, Petitioner affirmatively alleged that his infection was treated by a "regime of antibiotics for two weeks."[15] Petitioner's alleged imminent danger is not a claim of an imminent danger of serious physical injury.

---

[11] D.I. 20 Pet.'s Resp. to Respondent's Mot. to Revoke Pet.'s In Forma Pauperis Status (June 17, 2025) at 1-2, Transaction ID 76476476 [hereinafter Pet.'s Resp. to Respondent's Mot.].

[12] "Serious" means "dangerous" or "potentially resulting in death or other severe consequences." *Serious*, BLACK'S LAW DICTIONARY (12th ed. 2024).

[13] *Biggins v. Phelps*, 2014 WL 5489460, at *2 (Del. Ch. Oct. 31, 2014) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349–50 (11th Cir. 2004)).

[14] *Biggins*, 2014 WL 5489460, at *2 (citing *Brown*, 387 F.3d at 1350).

[15] Pet.'s Resp. to Respondent's Mot. at 2.

9.     This is Petitioner's fifth complaint that the Court has found frivolous. Respondent's motion is **GRANTED**: 1) Petitioner's *in forma pauperis* status is revoked; 2) Petitioner is enjoined from filing future petitions for *in forma pauperis* status, except where Petitioner complies with 10 *Del. C.* § 8804(e); and 3) Petitioner's case is dismissed.

**IT IS SO ORDERED.**

/s/ Charles E. Butler
Charles E. Butler, Resident Judge


cc:        Amir Fatir, *Pro Se*
           Rebecca Bolinger, Deputy Attorney General