[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16514
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-22905-CV-JAL

THOMAS B. STRINGER,

Plaintiff-Appellant,

versus

GATO B. JACKSON,
MS. L. HARRIS,
MIAMI-DADE CORRECTIONS &
REHABILITATION DEPARTMENT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 16, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Thomas B. Stringer, a pro se prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). On appeal, Stringer argues that the district court abused its discretion when it denied his request to amend his complaint to include retaliation facts because such an amendment would not have been futile. After careful review, we vacate and remand.

We review the denial of a motion to amend a complaint for abuse of discretion, but review the underlying legal conclusion of whether a particular amendment to the complaint would have been futile de novo. Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005). We hold pro se pleadings to a less stringent standard than pleadings drafted by attorneys and, therefore, will liberally construe those pleadings. Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

A district court may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1950 (2009)). Although a complaint need not contain detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1261 (quoting Iqbal, 129 S.Ct. at 1949).

A party may amend its pleading as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading. Fed.R.Civ.P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). If the underlying facts or circumstances relied on by plaintiff may be a proper subject of relief, leave to amend "should be freely given." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004). However, a district court may properly deny leave to amend under Rule 15(a) if such amendment "would be futile." Id. at 1262-63. Denial of leave to amend "is justified by futility when the complaint as amended is still subject to dismissal." Id. at 1263. Additionally, the Prison Litigation Reform Act, 28 U.S.C. § 1915, does not preclude a district court from granting a motion to amend under Rule 15(a). Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004). In Brown, we held that Brown had the right to amend his complaint under Rule 15(a) because he had filed his motion to amend before the district court had dismissed his complaint and before any responsive pleadings had been filed. Id.

Section 1983 of Title 42 of the U.S. Code provides a cause of action against any person acting under the color of state law for deprivations of any right secured by the Constitution. 42 U.S.C. § 1983. We have held that "First Amendment

3

rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006). In Boxer X, the district court dismissed the appellant's § 1983 complaint, in part, for failure to state a claim. Id. at 1109. We held that the appellant had expressly claimed that he had been punished for complaining through the established grievance system about his treatment by one of the prison guards. Id. at 1112. We noted that the appellant had first presented these facts in his objections to the magistrate's R&R. Id. at 1112 n.4. We held that the district court should have allowed the appellant to incorporate his retaliation claim because the assertion was sufficient to state a claim under § 1983, based on a liberal construction. Id. at 1112.

In this case, the district court had not yet dismissed his case and no responsive pleading had been filed. Thus, Stringer had the right to amend his complaint under Rule 15(a). See Brown, 387 F.3d at 1349.

Moreover, as the record shows, the magistrate judge recommended that the district court dismiss Stringer's retaliation claim because Stringer had raised no facts to state a claim for retaliation; indeed, Stringer had merely noted "retaliation" in his complaint. However, after the magistrate judge found that Stringer failed to

raise facts for retaliation, Stringer raised those facts in his objections to the R&R. Specifically, Stringer asserted that, after filing a grievance with the prison concerning the loss of money from an incorrect commissary order, the defendants retaliated against him by "improperly transferring him to another 'much harsher condition' jail, without due process, without any incident or disciplinary reasons" and continued to deprive him of food, legal access, and materials. Based on a liberal construction of Stringer's assertions, he did allege a claim of First Amendment retaliation in connection with the grievances he filed. See Boxer X, 437 F.3d at 1112.

Therefore, the district court should have allowed Stringer to amend his complaint as a matter of course and because such an amendment would not have been futile. See id.; see Hall, 367 F.3d at 1262-63; see Fed.R.Civ.P. 15(a); Brown, 387 F.3d at 1349. Accordingly, the district court abused its discretion by denying Stringer leave to amend his complaint.

**VACATED and REMANDED.**