[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10631
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 7, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-21951-CMA

PERMON THOMAS,

                                                         Plaintiff - Appellant,

versus

WARDEN HARRIS,
et al.,

                                                         Defendants,

JULIO POVEDA,

                                                         Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 7, 2010)

Before BLACK, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Permon Thomas, a state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 amended complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). He contends that the district court erred in concluding that the allegations in his amended complaint fail to sufficiently allege that Defendants Secretary McNeil, Warden Harris, and Health Administrator Tate acted with deliberate indifference to his serious medical needs. After careful review, we affirm.

I.

We review de novo a district court's dismissal of an in forma pauperis complaint for failure to state a claim under 28 U.S.C. § 1915 and take the well-pleaded factual allegations in the complaint as true. Mitchell v. Farcass, 112 F.3d 1483, 1489-90 (11th Cir. 1997). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). Mitchell, 112 F.3d at 1490. Dismissal for failure to state a claim is appropriate when the facts as

pleaded do not state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted).

To prevail on a § 1983 claim, a plaintiff must prove that a person acting under color of state law committed an act that deprived him of some right, privilege, or immunity protected by the Constitution or the laws of the United States. 42 U.S.C. § 1983. "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." Almand v. DeKalb Cnty., 103 F.3d 1510, 1512 (11th Cir. 1997).

Deliberate indifference to a prisoner's medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976). "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Intern., Inc., 588 F.3d 1291, 1306–07 (11th Cir. 2009). To establish the second element, deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004); see also Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994) (explaining that the

3

plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

Even with a liberal construction, the allegations in Thomas's amended complaint fail to state a claim against the defendants. The evidence in the record shows that the defendants first learned of Thomas's serious medical need when he filed a formal grievance on December 6, 2007 complaining about the quality of care he received from Dr. Poveda for pain in his right knee. See Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008) (explaining that Farmer requires "the defendant-official to have actual knowledge of the risk, foreclos[ing] imputed knowledge as the basis for an Eighth Amendment claim of deliberate indifference" (quoting Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). The defendants responded to that grievance by having Thomas examined on December 14, 2007 by Orthopedic Specialist Joseph Ovadia who prescribed a low bunk pass. Thomas was examined by a second physician, Dr. Aguilar, who prescribed pain medication and a no prolonged standing pass in January 2008. The record also shows that Thomas filed grievances in June and July 2008 complaining that he had not received a cortisone shot prescribed in May 2008.

4

The defendants responded by granting his July 2008 grievance and administering the shot on August 15, 2008 when it became available.

To establish deliberate indifference, a plaintiff must allege that the defendant disregarded a substantial risk of serious harm. See Brown, 387 F.3d at 1351. The allegations in Thomas's amended complaint, however, establish that the defendants responded to his grievances by providing him with medical care. Thomas does not contend that the medical care he received was inadequate. For those reasons, we conclude that the district court did not err in dismissing Thomas's amended complaint for failure to state a claim.

AFFIRMED.