[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11911
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 5:08-cv-00193-CAR

DONALD W. WHITEHEAD,

Plaintiff-Appellant,

versus

EDWARD H. BURNSIDE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 17, 2010)

Before DUBINA, Chief Judge, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Donald W. Whitehead, an inmate at the Men's State Prison

("MSP) in Hardwick, Georgia, appeals the district court's entry of summary judgment as to Hale Edward Burnside, Medical Director for the prison, on his claim of deliberate indifference to a serious medical need in violation of the Constitution of the United States, brought pursuant to 42 U.S.C. § 1983, and a state cause of action for medical malpractice.[1] On appeal, Whitehead argues that the district court erred by adopting the recommendation of the magistrate judge that summary judgment should be granted in favor of Burnside because Whitehead failed to create an issue of fact for trial. The magistrate judge reasoned that Whitehead failed to provide medical evidence to support his claim of deliberate indifference on the part of Burnside. Whitehead contends that his declaration and Dr. William S. Thompson's declaration support his theory that the two and one half week delay between his kneecap injury and surgery amounts to cruel and unusual punishment. After reviewing the record, we conclude that Whitehead has failed to present a genuine issue of material fact to be resolved by a fact-finder. Thus, we affirm the grant of summary judgment.

We review a district court order granting summary judgment *de novo*, viewing all of the facts in the record in the light most favorable to the non-moving

---

[1]Initially, Whitehead also appealed the magistrate judge's imposition of sanctions in the underlying matter. On August 20, 2010, a panel of this Court dismissed the appeal as to the sanctions order.

2

party.  *Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160, 1161-62 (11th Cir. 2006).  Summary judgment is appropriate where the moving party demonstrates, through pleadings, interrogatories, and admissions on file, together with the affidavits, if any, "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P 56(c).  "A party moving for summary judgment has the burden of showing that there is no genuine issue of fact."  *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990) (internal quotation marks omitted).  "A party opposing a properly submitted motion for summary judgment may not rest upon mere allegation or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial."  *Id.* (internal quotation marks omitted).  The court must view the evidence and make all reasonable factual inferences against the non-moving party.  *Id.*  Speculation or conjecture from a party cannot create a genuine issue of material fact.  *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).  "A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment."  *Young v. City of Palm Bay*, *Fla.*, 358 F.3d 859, 860 (11th Cir. 2004).

In order to state a cognizable claim for inadequate medical treatment under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently

harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 291 (1976).  These acts or omissions must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)).

Deliberate indifference requires a plaintiff to prove three elements:  "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).  The plaintiff shoulders a heavy burden; even conduct that could be characterized as medical malpractice does not necessarily constitute deliberate indifference.  *See McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).  A difference in medical opinion does not constitute deliberate indifference so long as the treatment provided is minimally adequate.  *Harris*, 941 F.2d at 1504-05.  When a plaintiff alleges that delay in medical treatment shows deliberate indifference, he "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187-88 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 n.9, 122 S. Ct. 2508, 2515 n.9

4

(2002). "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay." *Id.* at 1189. Self-serving statements by a plaintiff do not create a question of fact in the face of contradictory, contemporaneously created medical records. *See, e.g., Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990).

We conclude from the record that the district court correctly applied the summary judgment standard, finding that Whitehead failed to demonstrate that there was a genuine issue of material fact as to whether Burnside was deliberately indifferent to Whitehead's broken kneecap. Although Whitehead attempts to overcome summary judgment by offering his own sworn statement and that of Dr. Thompson to support his allegations, the contemporaneous medical records and opinions of the examining medical doctors show that this purported evidence is baseless.

Whitehead's broken kneecap resulted from a prison altercation on October 20, 2006. Whitehead claims in his statement that, after his arrival at the Oconee Regional Hospital, Dr. Salvatore Dellacona requested immediate surgery for his injured knee but was denied permission by Burnside to perform the operation. On the contrary, Dr. Dellacona provided an affidavit stating that immediate surgery

was not required for Whitehead's broken kneecap, and he did not speak with Burnside as Whitehead contends. Prison records indicate that at the time of the incident, Burnside was not present at the prison.

Dr. Dellacona, pursuant to hospital protocal, requested a second opinion from Dr. Steven Niergarth. Niergarth concurred with Dr. Dellacona that immediate surgery was not required. On November 1, 2006, Whitehead was examined by an orthopedic specialists, Dr. Clarence Fossier. Fossier found that the injury did not require immediate surgery and scheduled the operation for a week later. In his sworn statement, Fossier testified that he would have operated immediately if it had been necessary and that any delay in surgery did not result in any long-term detriment to Whitehead.

Whitehead attempts to counter these medical opinions from his treating physicians by producing an affidavit from Dr. Thompson, wherein he states that after reviewing the evidence, he found Burnside deliberately indifferent in delaying treatment for Whitehead. At best, however, Dr. Thompson's affidavit represents a difference of medical opinion between himself and the physicians who treated Whitehead. Furthermore, as Dr. Thompson acknowledges, his affidavit is based in part on Whitehead's statement that Dellacona would have performed surgery immediately had Burnside not intervened. Dellacona's contemporaneous medical

records and his affidavit show this contention to be incorrect.

Whitehead's statement is erroneous in other ways as well. Whitehead claims that Burnside refused to look at his knee and told him it would take two to three months to schedule an MRI. Burnside's records, recorded at the time he first saw Whitehead, show otherwise. Burnside clearly notes that Whitehead had fractured his patella, could not extend his leg, and had swelling in his left knee. Burnside requested an urgent consultation by an orthopedist to evaluate the injury, and Whitehead was scheduled for the consultation with Dr. Fossier that lead to his eventual surgery.

The evidence from the record is clear. Whitehead has established, at best, a difference of medical opinion as to the appropriate treatment for his injured knee. His personal belief regarding the severity of his injury is not sufficient to overcome the medical opinions of Drs. Fossier and Dellacona, and he has failed to produce evidence to refute the contemporaneous medical records supporting Burnside's actions. Therefore, we conclude that the district court properly adopted the magistrate's recommendation and we affirm the district court's grant of summary judgment in favor of Burnside.

**AFFIRMED.**