[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13492
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00190-HL

ROBERTO BAEZ,

Plaintiff-Appellant,

versus

MICHAEL ROGERS,

Defendant-Appellee,

JAMES TAYLOR, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 2, 2013)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Roberto Baez, a Georgia prison inmate.  The District Court dismissed his *pro se* 42 U.S.C. § 1983 complaint against Michael Rogers, a physician who treated him while he was incarcerated in a Georgia prison, for failure to state a claim for relief.  *See* Fed. R. Civ. P. 12(b)(6).  In his complaint, Baez alleged that Rogers refused to provide him with needed pain medication, medical care and treatment, thus subjecting him to severe and continuous pain in violation of the Eighth and Fourteenth Amendments.  Specifically, he alleged that Rogers had discontinued pain medications and cholesterol medications he had previously been prescribed without giving him a medical examination, and refused to reinstate his prescriptions for the pain medication Neurontin and his cholesterol medications. Baez alleged that he experienced pain from an inguinal hernia and entrapped nerve and that the ibuprofen Rogers prescribed him was insufficient to treat his pain.[1]

A Magistrate Judge issued a report and recommendation ("R&R") recommending that Baez's complaint be dismissed because (1) he had failed to sufficiently allege a serious medical need based on his pain because his condition, if unattended, did not pose a substantial risk of serious harm; (2) he had not established that Rogers was deliberately indifferent to his medical needs because he did not show that his condition worsened or that he suffered any permanent harm due to a delay in treatment; and (3) Rogers was entitled to qualified

---

[1]  Baez also moved the court to appoint an independent pain specialist.  The court denied the motion.  Baez challenges the denial in this appeal.  We reject the challenge because the court acted clearly within its discretion in denying the motion.

immunity.  Over Baez's objections, the District Court adopted the R&R and dismissed Baez's complaint for failing to state a claim and because Rogers was entitled to qualified immunity.

Baez appeals, arguing that he sufficiently stated a claim of deliberate indifference to his serious medical need in violation of his Eighth Amendment  and Fourteenth Amendment rights.  We disagree and therefore affirm the District Court's judgment.

In reviewing *de novo* a Rule 12(b)(6) dismissal, we "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff."  *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).  To survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotations and alteration omitted).  The facts as pleaded in a complaint must state a claim for relief that is plausible on its face to avoid dismissal for failure to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).  We are mindful, however, that *pro se* pleadings are held to a less stringent standard and liberally construed.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

3

"[T]o prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Prison officials violate the Constitution when they act with deliberate indifference to an inmate's serious medical needs, giving rise to a cause of action under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). To prevail on a claim of deliberate indifference, a plaintiff must show (1) a serious medical need; (2) deliberate indifference to that need on the part of the defendant; and (3) causation between the defendant's indifference and the plaintiff's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1307 (quotation omitted). Alternatively, a plaintiff can establish a serious medical need by showing that a delay in treatment worsened his condition. *Id.*

To establish deliberate indifference, a plaintiff must show "(1) a subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). Conduct that is more than mere negligence includes: (1) knowledge of a serious medical need and a failure or refusal to provide care; (2) delaying

4

treatment for non-medical reasons; (3) grossly inadequate care; (4) a decision to take an easier but less efficacious course of treatment; or (5) medical care that is so cursory as to amount to no treatment at all. *McElliott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). A simple difference in medical opinion between the medical staff and an inmate as to the latter's diagnosis or course of treatment does not establish deliberate indifference. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).

The District Court properly dismissed Baez's complaint because it failed to state a claim for relief. The complaint does not allege that Baez has a current cholesterol problem mandating treatment that would constitute an objectively serious medical need; hence, he cannot maintain a claim based on cancellation of his cholesterol medication. Even if the complaint established that his inguinal hernia and entrapped nerve constituted a serious medical need, it fails to allege facts showing that Rogers acted with deliberate indifference or that that his inguinal hernia or entrapped nerve worsened or that he suffered any permanent harm due to Rogers's conduct. Instead, the complaint alleges only a difference of medical opinion as to what course of treatment was appropriate.

AFFIRMED.

5