COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

October 31, 2014

*Via* **File & Serve*Xpress***
**and First Class Mail**

Mr. James Arthur Biggins
SBI No. 319264, Unit No. 19
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Kenisha L. Ringgold, Esquire
Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801

> Re: *Biggins v. Phelps, et al.*
> C.A. No. 5121-VCN
> Date Submitted: August 8, 2014

Dear Mr. Biggins and Ms. Ringgold:

Plaintiff James Arthur Biggins filed this action against personnel at the James T. Vaughn Correctional Center ("JTVCC"): warden Perry Phelps; security chief James Scarborough; staff lieutenant, hearing officer, and classification officer Larry Savage; and counselor Thomas Aiello (collectively, the "Defendants").[1] He seeks an injunction and compensatory damages for placement in isolated

---

[1] Three additional defendants named in Biggins's complaint, "Michael Costello," "Mark D. Drum," and "Michael Fowler," are not parties to this action because they were never served. *See* Sheriff's Return Showing Unable to Accept Service for Michael Costello; Showing Unknown as to Mark Drum; Showing Unknown as to Michael Fowler, Nov. 9, 2011.

confinement and, subsequently, maximum security housing ("SHU").[2] Defendants have moved to dismiss Biggins's claim and to revoke his *in forma pauperis* status pursuant to the "three strikes" rule of 10 *Del. C.* § 8804(f).

On August 18, 2008, Biggins was allegedly involved in a fight with another inmate.[3] He received a disciplinary write up and was "immediately" taken to isolated confinement. After fifteen days in isolated confinement, he was transferred to SHU. He was not afforded a hearing or found guilty of an infraction before either of these transfers. Biggins filed this action as a self-represented litigant and was granted leave to proceed *in forma pauperis* on December 3, 2009.

Biggins complains of violations of numerous contractual, statutory, and constitutional rights in multiple documents, not all of which have been accepted by the Court for filing. While the Court acknowledges the challenges faced by self-represented litigants, fairness and judicial order require limits as to what defendants (and the Court) must address. The Court, therefore, assumes that Biggins's Motion for Injunction and Compensatory Award is his complaint and

---

[2] Pl.'s Mot. for Inj. and Compensatory Award ("Compl.") 2. Due to a lack of formal formatting, pincites for this document refer to pages of the efiled pdf.
[3] These facts can be found at page 2 of Biggins's Motion for Injunction and Compensatory Award.

that his Motion for Reargument amended the complaint with an explanation of his

grounds for proceeding *in forma pauperis*.[4] Accordingly, Biggins's complaint

cites violations of (1) Fourteenth Amendment due process rights; (2) the Delaware

Code;[5] (3) Department of Correction ("DOC") Policy 4.2;[6] (4) the Eighth

---

[4] The only official complaint in the record is the Motion for Injunction and Compensatory Award, with which Defendants were duly served. *See* Issued Summons to NCC Sheriff, Oct. 27, 2011. It is also fair to consider the Motion for Reargument because Defendants focus on Biggins's *in forma pauperis* status in their briefs.

[5] *See* 11 *Del. C.* § 6517 ("Duties and responsibilities of the Commissioner"); 11 *Del. C.* § 6535 ("The Department shall promulgate rules and regulations for the maintenance of good order and discipline in the facilities and institutions of the Department . . . ."); 29 *Del. C.* § 8903 ("Powers, duties and functions— Commissioner").

[6] "DOC Policy No. 4.2 at (V)," Compl. 2, is not attached to the complaint. The Court infers that the reference is to Policy Number 4.2 regarding "Rules of Conduct for Offenders." The Policy, in relevant part, states:

> POLICY: It is the policy of the Department of Correction to establish and maintain rules of conduct for offenders . . . .
> The Bureau Chiefs shall be responsible for developing rules of conduct that specify prohibited behavior, penalties that may be imposed for rule violations, and enforcement procedures. The enforcement procedures must take into account due process requirements including appeal provisions.

Dep't of Corr., *Policy Manual*, Policy Number 4.2(V) (revised Jan. 15, 2009), *available at* http://doc.delaware.gov/downloads/policies/policy_4-2.pdf.

Amendment;[7] and (4) Title II of the Americans with Disabilities Act ("ADA"),[8] arising out of being placed in isolated confinement and subsequently transferred to SHU without a hearing, finding of guilt, or proper classification.

The threshold question for the Court is whether this action is properly maintained under Delaware law. Defendants argue that Biggins is barred from proceeding *in forma pauperis* because he has failed to show imminent danger of serious physical injury. The Delaware Code, 10 *Del. C.* § 8804(f), sets forth a "three strikes" rule denying the benefit of *in forma pauperis* status to a prisoner who has brought at least three actions that have been dismissed as frivolous or malicious, or dismissed for failure to state a claim.[9] The statute, however, carves

---

[7] The complaint itself alleges cruel and unusual punishment arising out of transfers to isolated confinement and SHU, not deliberate indifference to serious medical needs. Biggins's affidavit, submitted to support his *in forma pauperis* status, and his briefing on the pending motion later advance an Eighth Amendment argument based on a denial of medical care.

[8] *See* Americans with Disabilities Act, 42 U.S.C. § 12132 (2012) ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.").

[9] The provision states:

> In no event shall a prisoner file a complaint or appeal of a judgment arising from a complaint brought in forma pauperis if the prisoner has, on 3 or more prior occasions . . . brought an action or an appeal . . .

out an exception when a plaintiff faces imminent danger of serious physical injury at the time he filed his complaint.

The Court notes, as a number of courts have in the past, that 10 *Del. C.* § 8804(f) applies to Biggins.[10] Biggins, therefore, may not proceed *in forma pauperis* unless he can establish imminent danger of serious physical injury.

Persuasive authority elaborates on the meaning of "imminent danger of serious physical injury." For example, the threshold was met upon a showing that a prison failed to treat an inmate for a spreading gum infection that required extraction of multiple teeth, as well as upon a showing that a prison repeatedly

---

that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted *unless the prisoner is under imminent danger of serious physical injury at the time that the complaint is filed*.

10 *Del. C.* § 8804(f) (emphasis added).

[10] *See, e.g.*, *Biggins v. Dr. Robinson*, 12 A.3d 1153, 2011 WL 400405, at *1 (Del. Feb. 8, 2011) (TABLE) ("As a frequent but consistently unsuccessful *pro se* litigant, Biggins is subject to the 'three strikes' provision of title 10, section 8804 of the Delaware Code."); *Biggins v. Biden*, 2010 WL 3496838, at *4 (Del. Super. Sept. 8, 2010) ("Biggins . . . has, on at least three occasions, . . . brought an action or appeal in state or federal court found to be frivolous, malicious, or lacking a claim upon which relief may be granted."), *aff'd*, 9 A.3d 475 (Del. 2010) (TABLE).

placed an inmate near individuals on his "enemy alert list" and attacks ensued.[11] The threshold was not met when a prisoner with high blood pressure alleged that he was forced to perform occasional outdoor work in inclement weather.[12] Also relevant is a Delaware Supreme Court decision affirming that Biggins failed to establish imminent danger when his complaint in that particular action was filed "several months" after the complained-of incident.[13]

Keeping in mind that Biggins is a self-represented litigant, the Court construes his complaint liberally. In his motion for reargument, Biggins claims that he faced imminent danger at the time of filing "pursuant to conditions of subsequent confinement."[14] By attaching a copy of a motion alleging a failure to uphold terms of a 1988 settlement regarding health and safety conditions at JTVCC and related documents, Biggins suggests that continued placement at JTVCC posed imminent danger. Biggins's affidavit, referenced by the motion for

---

[11] *See Brown v. Johnson*, 387 F.3d 1344, 1349-50 (11th Cir. 2004) (discussing sister circuit decisions involving the federal Prison Litigation Reform Act). The Prison Litigation Reform Act contains a provision similar to its Delaware counterpart. *See* 28 U.S.C. § 1915(g) (2012).

[12] *Brown*, 387 F.3d at 1350 (referring to *Martin v. Shelton*, 319 F.3d 1048 (8th Cir. 2003)).

[13] *Biggins v. Danberg*, 3 A.3d 1096, 2010 WL 3310591, at *1 (Del. Aug. 24, 2010) (TABLE).

[14] Mot. for Reargument.

reargument, further alleges imminent danger because he "cannot regularly receive sick call examinations [and] doctor appointments" in SHU[15] and has been denied doctor-prescribed medical care.[16]   Finally, Biggins's briefs in opposition to Defendants' motion argue that he faced imminent danger because (i) Defendants would not provide him with an ice pack and pain medication for his injuries after the altercation and (ii) Defendants allowed his stitches "to remain five (5) days past [the] date [they were] required to be removed."[17]

Biggins does not meet his burden to establish imminent danger of serious physical injury, even when his various filings are interpreted liberally and in conjunction with one another.  He was out of isolated confinement by the time he filed his complaint, and high security housing itself does not pose an imminent risk of serious physical injury.  The altercation and eye injury (not to mention the delay in removing stitches) occurred months before Biggins initiated this litigation. Furthermore, attachments about non-compliance with a 1988 settlement agreement do not convince the Court that Biggins faced imminent, serious harm when he filed

---

[15] Biggins Aff. ¶ 5.

[16] Biggins Aff. ¶ 3.  Biggins's final brief also makes this argument.  Pl.'s Resp. to State Defs.' Opp'n to Mot. to Dismiss Pl.'s Mot. for Injunctive Relief and to Revoke Pl.'s *In Forma Pauperis* Status ("Pl.'s Resp.") 2-3.

[17] *See* Pl.'s Opp'n Mot. to State Defs.' Mot. to Dismiss 8; *see also* Pl.'s Resp. 1, 3.

his complaint. Although Biggins's herniated disc might be a legitimate medical issue and there have been delays in treatment,[18] his general grievances do not establish imminent danger of serious physical injury at the time he filed his complaint. Thus, Biggins has failed to show that he meets the statutory exception. Because he may not proceed *in forma pauperis*, the Court will not consider the merits of his complaint until the action is properly filed.

\* \* \* \* \*

For the reasons set forth above, Defendants' Motion to Revoke Biggins's *In Forma Pauperis* Status is granted. The complaint will be dismissed unless Biggins pays all required filing fees within sixty days.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:    Register in Chancery-K

---

[18] *See* Biggins Aff. Exs. A3, B2.