[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16398
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-22053-UU

WARREN OLIVER,

Plaintiff-Appellant,

versus

KATHLEEN FUHRMAN,
Public Health Nutrition Program
Manager,
SHANE PHILLIPS,
Operation Manager,
CRAIG MCCORMICK,
Public Health Nutrition Program
Manager,
FLORIDA DEPARTMENT OF
CORRECTIONS,
JOHN DOE,
Food Director at Martin Correctional
Institution, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

(May 30, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Warren Oliver, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his civil rights complaint, filed against various prison officials pursuant to 42 U.S.C. § 1983, for failure to state a claim, pursuant to 28 U.S.C. § 1915(e).  On appeal, Oliver argues that: (1) his complaint sufficiently stated an Eighth Amendment claim, where he alleged that prison officials served prisoners "toxic meat," and that prison officials failed to ensure that the dishes were properly cleaned; and (2) the district court should have allowed him the opportunity to amend his complaint.  After careful review, we vacate and remand.

We review de novo a district court's sua sponte dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), using the same standards that govern Fed. R. Civ. P. 12(b)(6) dismissals.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Section 1915(e) provides, inter alia, that an IFP action shall be dismissed at any time if the court determines that it fails to state a claim for which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  However, the district

court may not dismiss an IFP complaint pursuant to § 1915(e)(2)(B)(ii) without allowing leave to amend when required by Fed. R. Civ. P. 15. Brown v. Johnson, 387 F.3d 1344, 1348-49 (11th Cir. 2004). Under Rule 15(a), a party may amend a complaint once as a matter of course within either 21 days after serving it, or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a).

To avoid dismissal, the complaint must state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pro se pleadings, however, are held to less stringent standards than those drafted by lawyers and are liberally construed by this Court. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

The Eighth Amendment governs the conditions under which prisoners are confined and the treatment they receive in prison. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Accordingly, it imposes duties on prison officials, who "must ensure that inmates receive adequate food, clothing, shelter, and medical care." Id. To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). Under the objective component, a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment. Id. The challenged condition must be extreme and must pose an

3

unreasonable risk of serious damage to the prisoner's future health or safety. Id. The Eighth Amendment only guarantees that prisoners are provided with a minimal civilized level of life's basic necessities. Id. Restrictive or harsh conditions alone do not rise to the level of an Eighth Amendment violation. Id.

Second, the prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. Id. This means the prisoner must show that the prison officials: (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) through conduct that is more than mere negligence. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003).

A prisoner is entitled to reasonably adequate food. See Hamm v. DeKalb Cty., 774 F.2d 1567, 1575 (11th Cir. 1985). This requires only that he receives a well-balanced meal with sufficient nutritional value to preserve health. Id. "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Id.

For starters, the district court did not err in dismissing the instant complaint for failure to state an Eighth Amendment claim. As for Oliver's complaints about the food, Oliver did not allege a condition sufficiently severe to establish an Eighth Amendment objection. See Chandler, 379 F.3d at 1289. Oliver alleged that the meat is "toxic," contains soy and rodent meat, and has long-term medical consequences for the inmates, including kidney stones, chronic acne, digestive

4

problems, and lowered cognitive functioning. However, he did not say he personally has suffered from any of these issues, or even that he personally knows prisoners who have suffered from these issues. The only medical issue Oliver personally alleged he has suffered based on his exposure to the soy-laden products is H. pylori -- a bacteria in his stomach -- but he provided no details about the severity of his H. pylori symptoms. Thus, Oliver did not adequately allege that he was being deprived of constitutional rights based on poor nutrition. See Hamm, 774 F.3d at 1575.

Moreover, Oliver failed to allege facts showing that the prison officials acted with deliberate indifference to any serious medical need. See Farrow, 320 F.3d at 1245. Oliver claimed the defendants knew the meats were toxic based on complaints from sickened inmates and their families, but he did not allege any facts to suggest that any of the inmates presented evidence to the prison officials establishing that their illnesses stemmed from soy-based protein. Nor did he allege that any governmental agency, such as the U.S. Department of Agriculture or the U.S. Food and Drug Administration, has determined that soy protein is not safe for human consumption, much less that any of the prison officials were aware of any determination like that.

In addition, Oliver's complaints about the cleanliness of the dishes at the prison do not state an Eighth Amendment claim. Oliver has not alleged that the

5

dishes are not cleaned at all; he alleges only that they were not cleaned properly. And his prison grievances state that grease remained on the dishes after they had been washed. But this allegation is not sufficiently serious to show an Eighth Amendment violation because spots left on washed dishes simply do not show that Oliver has been deprived of a minimal civilized level of life's basic necessities. See Chandler, 379 F.3d at 1289. In short, the district court did not err in dismissing Oliver's complaint for failure to state an Eighth Amendment claim.

Nonetheless, the district court did err in dismissing Oliver's complaint without permitting him leave to amend. The record indicates that Oliver's complaint had not yet been served on any of the defendants, and none of the defendants had filed any responsive pleadings. As a result, Oliver was still able to amend his complaint as of right, and the district court could not dismiss his complaint without permitting him to amend it. See Brown , 387 F.3d at 1348-49. Oliver objected to the magistrate judge's report and recommendation ("R&R"), asserting, in part, that he should be allowed to amend his complaint to fix any deficiency. The district court provided no reason about why Oliver could not amend his complaint; rather, it summarily adopted the reasoning in the R&R. Accordingly, we vacate and remand to the district court for proceedings consistent with this opinion.

**VACATED AND REMANDED.**

6