[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11908
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cv-01583-LSC-JEO


LARRY DEAN GARRETT, JR.,

Plaintiff-Appellant,

versus

BIRMINGHAM POLICE DEPARTMENT,
ASHLEY KNIGHTEN,
Detective,
STEVEN P. FERGUSON,
FBI Agent,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 29, 2019)

Before MARCUS, NEWSOM and FAY, Circuit Judges.

PER CURIAM:

Larry Dean Garrett, a pre-trial detainee[1] proceeding pro se, appeals from the district court's dismissal without prejudice of his 42 U.S.C. § 1983 civil rights complaint, brought against the Birmingham Police Department ("BPD"), a BPD detective, and a Federal Bureau of Investigation agent. The district court dismissed Garrett's suit under the Prison Litigation Reform Act ("PLRA") for failure to prosecute because he failed to pay his initial partial in forma pauperis ("IFP") filing fee. After thorough review, we affirm.

We review the district court's dismissal of an action for failure to comply with its IFP order for abuse of discretion. Wilson v. Sargent, 313 F.3d 1315, 1318 (11th Cir. 2002). We review de novo the interpretation of the PLRA's filing fee provision. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

A district court may sua sponte dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket. Betty K Agencies, Ltd. V. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). The PLRA requires that a prisoner bringing a civil action IFP pay the full filing fee. 28 U.S.C. § 1915(b). This provision applies to "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." Id. § 1915(h). However, "the impecunious defendant, although liable

---

[1] Garrett was a pre-trial detainee in a county jail when he filed his complaint. He subsequently was convicted in federal court of production of child pornography and sentenced to 600 months' imprisonment, running "concurrently with any yet-to-be-imposed state court sentences."

2

for the entire fee, may pay his or her entire fee in installments." Wilson, 313 F.3d at 1318. After the prisoner files a completed IFP application, including affidavits and certified copies of the trust fund account statement, the district court must:

> assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of -- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1); Wilson, 313 F.3d at 1319. Upon paying a first initial partial filing fee, the prisoner "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). But "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that [he] has no assets and no means by which to pay the initial partial filing fee." Id. § 1915(b)(4).

Before dismissing a prisoner's complaint for failure to comply with an IFP order directing the initial partial filing fee payment, the district court must take reasonable steps to determine whether the prisoner complied with the order by authorizing payment by prison officials. Wilson, 313 F.3d at 1321. "These steps may include issuing a show-cause order, allowing objections to the magistrate's report, communicating by telephone, fax, or email with officials of the custodial institution, and issuing an order to the custodial institution." Id. "When the district court determines that the prisoner did execute a consent form or otherwise authorized

3

the prison officials to remit his or her fee when the funds became available, the complaint ordinarily should not be dismissed for nonpayment of the filing fee." Id. "[P]roof of authorization of payment ordinarily confirms that the failure to pay was not the fault of the prisoner, but rather the result of inaction by prison officials or a lack of funds in the account." Id.

Here, the district court did not abuse its discretion in dismissing Garrett's complaint without prejudice for failure to pay his initial partial filing fee. The magistrate judge initially informed Garrett of the need to pay the fee or face dismissal in a September 26, 2017 order, giving him 30 days to pay the fee, and upon receiving his prisoner consent form without the initial partial filing fee, the court followed up with a reminder in an October 4, 2017 order. Despite these notices, Garrett failed to explain his alleged inability to pay the filing fee within the court's deadline, although he eventually gave the court an explanation. It's also worth noting that Garrett consistently has maintained on appeal that he had sufficient funds to pay the initial filing fee. On this record, we conclude that the district court took reasonable steps to determine whether Garrett complied with the IFP order directing the initial partial filing fee payment, and did not abuse its discretion by dismissing the case without prejudice.

**AFFIRMED**.