[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10463
Non-Argument Calendar

_____

D.C. Docket No. 2:20-cv-14381-BB


DARRELL MARK BABCOCK,

Plaintiff-Appellant,

versus

ANDREA L. OLSON,
Deputy, Martin County Sheriff's Office in individual capacity,
WAYNE R. TROCAN,
Deputy, Martin County Sheriff's Office in individual capacity,
MARTIN COUNTY SHERIFF'S OFFICE, SHERIFF,
William D. Snyder, Sheriff in individual and official capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 14, 2021)

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Darrell Babcock appeals the *sua sponte* dismissal of his *pro se* 42 U.S.C. § 1983 complaint against Deputies Andrea Olson and Wayne Trocan and Sheriff William Snyder of the Martin County Sheriff's Office.  He asserts that the district court erred in finding that his amended complaint failed to raise allegations that state a plausible claim that defendants Olson and Trocan violated his Fourth Amendment right to privacy when they entered his property without a warrant in response to an anonymous call reporting an ongoing fight.  The district court dismissed Babcock's claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  After careful review, we affirm.[1]

A failure-to-state-a-claim analysis under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  A complaint fails to state a claim when it fails "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550

---

[1] We review *de novo* a district court's dismissal of a complaint for failure to state a claim. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  When an appeal arises from a motion to dismiss, we accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff.  *Taylor v. Polhill*, 964 F.3d 975, 979 (11th Cir. 2020).  We liberally construe *pro se* pleadings and hold them to less stringent standards than pleadings drafted by attorneys but require them to conform to procedural rules.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

2

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Federal Rules don't require that specific facts be pleaded for every element of every claim, but complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282–83 (11th Cir. 2007).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under the color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). We have held that a Fourth Amendment claim for an illegal search is cognizable under § 1983. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The police may not conduct a warrantless search or arrest in one's home absent exigent circumstances. *Payton v. New York*, 445 U.S. 573, 590 (1980). Exigent circumstances exist when there is "no time to secure a warrant" and a "compelling need for official action," such as "risk of harm

3

to the public or the police." *United States v. Holloway*, 290 F.3d 1331, 1334 (11th Cir. 2002). The most urgent of these exigencies is "the need to protect or preserve life" in an emergency. *Id*. at 1335. For the exception to apply, the government must demonstrate that the officer had an objectively reasonable belief that an individual in the home was either seriously injured or threatened with such an injury. *See Brigham City v. Stuart*, 547 U.S. 398, 402–03, 406 (2006).

We have found "police officers' belief that someone inside a home needs immediate assistance [is] objectively reasonable" where there are "indicia of an urgent, ongoing emergency," as where "officers have received emergency reports of an ongoing disturbance, arrived to find a chaotic scene, and observed violent behavior, or at least evidence of violent behavior." *United States v. Timmann*, 741 F.3d 1170, 1179 (11th Cir. 2013). The exigent-circumstances exception to the warrant requirement applies even where police, in responding to an emergency, must act based on hurried, incomplete, or "ambiguous information concerning potentially serious consequences." *Holloway*, 290 F.3d at 1339 (quoting 3 Wayne LaFave, *Search and Seizure* § 6.6(a), at 391 (3d ed.1996)). While anonymous tips without indicia of reliability may not be reliable enough to justify investigatory stops in the absence of an emergency, *Florida v. J.L.* 529 U.S. 266, 270–71 (2000), "when an *emergency* is reported by an anonymous caller, the need for immediate

4

action may outweigh the need to verify the reliability of the caller." *Holloway*, 290 F.3d at 1339.

Here, the district court didn't err in dismissing Babcock's complaint with prejudice. The court properly concluded that the facts that Babcock alleged demonstrated that Deputies Olson and Trocan acted under exigent circumstances in entering Babcock's backyard. The amended complaint describes an anonymous call detailing a "full on fight" originating in Babcock's backyard and a woman repeatedly yelling "stop" along with the presence of banging noises. Even though Deputies Olson and Trocan didn't see evidence of violence when they arrived six minutes later, they had an objectively reasonable belief based on this anonymous call that a woman was in danger of serious bodily harm. The caller's description of the scene as a "full on fight" combined with the woman repeatedly yelling stop and the presence of banging noises provided a sufficient basis for the deputies to reasonably conclude that there was a serious threat to the woman's life constituting an ongoing emergency. *Cf. Brigham City*, 547 U.S.at 406. Acting on their reasonable belief that someone was in serious danger, Deputies Olson and Trocan swept the backyard for evidence of violence and found the pop-up camper.

Babcock asserts that Olson and Trocan had a duty to corroborate the anonymous call prior to entering the curtilage of his home. But when an emergency involving a serious threat to human life has been reported by an

anonymous caller, officers may be justified in taking immediate action even without corroborating the report. *See Holloway*, 290 F.3d at 1339. Moreover, the banging noises audible on the phone call corroborated the existence of a physical fight. Overall, this situation required the deputies to act based on a prompt assessment of hurried and incomplete information concerning potentially serious consequences, in a close parallel to the situation in *Holloway*, which upheld the constitutionality of the warrantless search. 290 F.3d at 1339. "Although the Fourth Amendment protects the sanctity of the home, its proscription against warrantless searches must give way to the sanctity of human life." *Id.* at 1337.

Finally, Babcock argues that the deputies violated his Fourth Amendment rights by remaining on his curtilage and questioning him for four hours, after the exigency had passed. This argument fails. It's true that "a warrantless search must be strictly circumscribed by the exigencies which justify its initiation." *Mincey v. Arizona*, 437 U.S. 385, 393 (1978). But here, the deputies discovered, shortly after arriving at Babcock's property, a teenage girl with a bloodied leg, and Babcock showed the deputies a video of the girl holding a knife to her own throat while Babcock berated her. *See United States v. Babcock*, 924 F.3d 1180, 1185 (11th Cir. 2019). The deputies were therefore justified in remaining on the property to investigate further by questioning Babcock and the girl.

*    *    *

6

In sum: Because the facts as alleged by Babcock describe exigent circumstances that justify warrantless entry into the curtilage of his home, and the deputies didn't exceed the scope of the exigency, his amended complaint fails to plead a facially plausible case that Deputies Olson and Trocan violated his Fourth Amendment right to be free from unreasonable searches and seizures. *See Iqbal*, 556 U.S. at 678. Therefore, the district court properly concluded that Babcock's complaint didn't adequately state a claim upon which relief can be granted. Accordingly, the court did not err in dismissing the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

**AFFIRMED.**